```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ABDULMALEK AL-SABAHI,

                    Petitioner,          10 Civ. 5748 (DAB)
        v.                               ADOPTION OF REPORT
                                         AND RECOMMENDATION
VINCENT N. SCHIRALDI,
Superintendent, New York City
Department of Probation, et ano,

                    Respondents.
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

On May 7, 2013, United States Magistrate Judge Henry Pitman issued a Report and Recommendation ("Report"), recommending that Petitioner's Petition for a Writ of Habeas Corpus be denied. (Report at 2, 37.) Petitioner filed an Objection to the Report, and Respondents filed a Response. For the reasons set forth below, after conducting the appropriate level of review, the Report of Magistrate Judge Pitman dated May 7, 2013 is ADOPTED in its entirety. Accordingly, the Petition is DENIED.

I.  DISCUSSION

   A.  Standard of Review for a Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no

clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review . . . for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (citation omitted)). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

   B.   Analysis

The Report sets forth the facts in this matter, and they will not be restated here. Petitioner objects to the Report's finding that the trial court did not erroneously apply New York law in excluding the prosecutor's notation. (Obj. 3-9.) Petitioner

asserts the exclusion deprived him of his right to a fundamentally fair trial and violated the Confrontation Clause.  (Obj. 3, 9-10.)

In making these Objections, however, Petitioner merely rehashes the same arguments he made before the Magistrate. (Compare Obj. with ECF No. 2, 12.) These nearly identical contentions, include, inter alia, asserting that the prosecutor's notation should have been admitted even if it was ambiguous, (compare Obj. 4-5 with ECF No. 3, at 33 and ECF No. 12, at 3-4), that the notation helped establish W.A.'s motive to fabricate, (compare Obj. 5-7 with ECF No. 3, at 29-33 and ECF No. 12, at 2-4), and that allowing counsel to cross examine W.A. regarding her motive to fabricate did not justify the notation's exclusion from evidence.  (Compare Obj. 7 with ECF No. 3, at 26-27, 31.) Petitioner also generally asserts the Report's conclusions were incorrect.  In arguing that the prosecutor's notation was not ambiguous, Petitioner states, without further explanation, that "the cases the Magistrate cited to . . . are readily distinguishable from the instant case."  (Obj. 4.) Additionally, while Petitioner claims the Report erred in finding his theory regarding W.A.'s motive to fabricate was highly speculative, Petitioner does not state where the Report erred; rather he only rehashes his previously made arguments.  (Compare Obj. 6-7 with ECF No. 3, at 32-33 and ECF No. 12, at 2-4.)

The Court has reviewed Petitioner's Objection to the Report

3

and finds that all his objections either make general arguments or reiterate the assertions made before Magistrate Judge Pitman. Accordingly, the Objection and the Report shall be reviewed only for clear error, and this Court finds none.  See Indymac Bank, 2008 WL 4810043, at *1; see also Ortiz, 558 F. Supp. 2d at 451.

II.  Conclusion

Having conducted the appropriate level of review of the Report and Recommendation of United States Magistrate Judge Henry Pitman, dated May 7, 2013, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations, findings, and recommendations in their entirety.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).  The Clerk of the Court is directed to dismiss the petition with prejudice and to close the docket in this case. SO ORDERED.

Dated:    New York, New York
          December 12, 2013

_____
Deborah A. Batts
United States District Judge